monthly payment of thirty-five dollars in accordance with the provisions of the contract, and the plaintiff on December 2nd was told that his services were no longer required. Plaintiff's statement of claim was filed January 8, 1913.

SABATH, LEVINSON & STAFFORD, for plaintiff in error.

SMITH & WALLACE, for defendant in error; CARL L. V. EXSELSEN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 52*—*when provision in contract for advancement may be considered in determining measure of damages for wrongful discharge.* A saleman's employment contract providing that the salesman shall be allowed a drawing account of twenty-five dollars per week and an additional sum of thirty-five dollars on the first day of every month, to be charged against commissions, construed to provide for the payment of such sums in any event and that such allowances would constitute a minimum estimate of the salesman's services, and furnish a fair criterion in determining the measure of damages in a suit for wrongful discharge from employment.

---

### Seaver E. Smeby, Defendant in Error, v. Lorenz Grupczynski, Plaintiff in Error.

#### Gen. No. 19,641. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914. Rehearing denied June 2, 1914.

### Statement of the Case.

Replevin by Seaver E. Smeby against Lorenz Grup-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

czynski to recover possession of certain articles of personal property. The court found the right of property in plaintiff and entered judgment upon the finding, damages being fixed at one cent. To reverse the judgment, defendant brings error.

The parties had entered into a contract in which the plaintiff was referred to as party of the first part and the defendant as party of the second part, for the sale of certain real estate and personal property, including the property recovered in the present proceeding, consisting of a horse, cash register, etc. The contract referred to reads: "That if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part" certain described real estate. Then follows: "and to sell and transfer one cash register," etc. The defendant assigned his interest in the contract to one Drabanski except as to a portion of the personal property. The terms of the contract were not complied with by Drabanski or the defendant as to making payments, and plaintiff after recovering possession of the real estate and personal property obtained by Drabanski began this suit to recover the personal property retained by the defendant.

C. E. HECKLER, for plaintiff in error.

GEORGE FRANTZEN, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 422*—*when contract is one of conditional sale.* A written contract providing that if the party of the second part would make payments and perform certain covenants on his part, the party of the first part would sell and transfer certain personal property,

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

*held* to constitute a contract of conditional sale entitling the party of the first part to repossess himself of the property, where payments had not been made under its terms, the interest of no third party having intervened.

---

## Chicago Telephone Company, Defendant in Error, v. Eliza Haley, Plaintiff in Error.

### Gen. No. 19,670.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Replevin by Chicago Telephone Company against Eliza Haley to recover a telephone equipment of the value of fourteen dollars. To reverse a judgment in favor of paintiff, defendant brings error.

Plaintiff in error undertook to handle her own case in this court.

ELIZA HALEY, *per se.*

HOLT, CUTTING & SIDLEY, for defendant in error.

PER CURIAM.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 966*—*when record presents no question for review.* On writ of error to review a judgment in replevin where there is nothing for review except the common-law record which contains nothing but the replevin affidavit, writ and bond, the entry of defendant's appearance and the judgment order, the latter reciting that evidence was heard, but such evidence was not preserved in

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.